ELECTRONIC CITATION: 2007 FED App. 0013P (6th Cir.)
File Name: 07b0013p.06

## BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT

| | |
|---|---|
| In re: WILLIAM COCANOUGHER and TINA COCANOUGHER,<br><br>Debtors.<br>_____<br><br>MG INVESTMENTS, INC. and CITIFINANCIAL MORTGAGE CO., INC.,<br><br>Defendants-Appellants,<br><br>v.<br><br>ANNA C. JOHNSON, TRUSTEE,<br><br>Plaintiff-Appellee.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  No. 06-8049<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Appeal from the United States Bankruptcy Court
for the Eastern District of Kentucky, at Lexington.
No. 05-52759; Adv. No. 05-5124.

Argued: August 1, 2007

Decided and Filed: November 14, 2007

Before: AUG, GREGG, and LATTA, Bankruptcy Appellate Panel Judges.

_____

### COUNSEL

**ARGUED:** Dennis R. Williams, ADAMS, STEPNER, WOLTERMANN & DUSING, Covington, Kentucky, for Appellants. John D. Kermode, ATKINSON, SIMMS & KERMODE, Lexington, Kentucky, for Appellee. **ON BRIEF:** Marc D. Dietz, ADAMS, STEPNER, WOLTERMANN & DUSING, Covington, Kentucky, for Appellants. John Martin Simms, ATKINSON, SIMMS & KERMODE, Lexington, Kentucky, for Appellee.

_____

### OPINION

_____

J. VINCENT AUG, JR., Chief Bankruptcy Appellate Panel Judge. In this appeal, the Appellant, Citifinancial Mortgage Co., Inc., f/k/a Associates Home Equity Service, Inc. as successor in interest to MG Investments, Inc. ("Citifinancial"), appeals the bankruptcy court's judgment

voiding Citifinancial's security interests in real estate owned by the Debtors, William and Tina Cocanougher. The bankruptcy court voided the mortgages based on its finding that both mortgages were defective because the names of the Debtors do not appear in the body of the acknowledgment certificate as required by Kentucky Revised Statute § 423.130. Subsequent assignments of the mortgages were also defective because they failed to provide a brief description of the notes and the date of the notes as required by Kentucky Revised Statute § 382.290. As a result of the defects in the documents, the bankruptcy court found that neither the mortgages nor the assignments were sufficient to put the trustee on notice of Citifinancial's mortgages. We AFFIRM the decision of the bankruptcy court.

## I. ISSUES ON APPEAL

The issues raised by this appeal are:

1. Whether summary judgment was warranted on the Trustee's complaint to avoid Citifinancial's mortgages based on the defective notary clauses that did not comply with Kentucky law. See 11 U.S.C. § 544; Ky. Rev. Stat. § 382.270.

2. Whether the assignments of the mortgages were sufficient to give the Trustee constructive notice or inquiry notice of Citifinancial's security interest.

3. What effect, if any, does the amendment to Kentucky Revised Statute § 382.270 which became effective July 12, 2006, have on the Trustee's ability to avoid the mortgages.

## II. JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel ("BAP") of the Sixth Circuit has jurisdiction to decide this appeal. By order entered September 8, 2006, the United States District Court for the Eastern District of Kentucky authorized appeals to the BAP. A final order of the bankruptcy court may be appealed as of right. 28 U.S.C. § 158(a)(1). For purposes of appeal, a final order "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S. Ct. 1494, 1497 (1989) (citations omitted). The bankruptcy court's order granting the Trustee's motion for summary judgment resulting in the avoidance of Citifinancial's mortgage liens is a final order and states conclusions of law that are reviewed de novo. *Treinish v. Norwest Bank Minn., N.A. (In re Periandri)*, 266 B.R. 651, 653 (B.A.P. 6th Cir. 2001). "De novo means that the appellate court determines the law independently of the trial court's determination." *Id.*

Because there are no factual disputes, summary judgment is appropriate for one of the parties. *See Rogan v. Am.'s Wholesale Lender d/b/a Countrywide Home Loans, Inc. (In re Vance)*, 99 F. App'x 25, 27 (6th Cir. 2004).

## III. FACTS

The facts of this appeal are set forth below in chronological order.

March 20, 2000: The Debtors granted a first mortgage on real estate to MG Investments securing a note in the principal amount of $98,800. On March 22, 2000, the mortgage was recorded in the Office of the Clerk for Mercer County, Kentucky ("Mercer County Clerk's Office").

March 20, 2000: The Debtors granted a second mortgage on the same real estate to MG Investments securing a note in the principal amount of $24,700. On March 22, 2000, the second mortgage was recorded in the Mercer County Clerk's Office.

May 23, 2000: MG Investments assigned the first mortgage to Associates Home Equity Services, Inc. and that assignment was recorded on June 5, 2000, in the Mercer County Clerk's Office.

May 23, 2000: MG Investments assigned the second mortgage to Associates Home Equity Services, Inc. and that assignment was recorded on June 7, 2000, in the Mercer County Clerk's Office. Presumably, sometime after the assignments were entered into, Associates Home Equity Services, Inc. became known as Citifinancial Mortgage Co., Inc. Neither party has referenced any filings that would give notice of this change.

July 22, 2005: The Debtors filed their chapter 7 petition.

September 8, 2005: Anna C. Johnson (the "Trustee") filed an adversary complaint seeking to avoid the mortgages of Citifinancial.

March 8, 2006: The bankruptcy court granted the Trustee's motion for summary judgment avoiding the mortgages based in part on the court's finding that the notary clauses in both mortgages are defective.

The notary clause of both mortgages appear as follows:

STATE OF KENTUCKY                                                County ss:

The forgoing instrument was acknowledged before me this ____hw/ 3/20/00____
by _____
_____
_____

My Commission Expires: hw/ 8/16/00           /s/David P. Nutgrass
                                              Notary Public

The acknowledgment appears on a page separate from the Debtors' signatures on the first mortgage and appears at the bottom of the same page as the Debtors' signatures on the second mortgage. (Appendix at 12-13 & 30.)

The bankruptcy court further found the assignments of the mortgages defective because the assignments failed to provide a brief description of the notes and the date of the notes as required by Kentucky Revised Statute § 382.290(5). As such, the court found that the assignments were not recordable and not sufficient to put the Trustee on notice.

March 13, 2006: Citifinancial Mortgage and MG Investments filed this appeal.

April 21, 2006: The Kentucky legislature passed Senate Bill 45, amending Kentucky Revised Statute § 382.270 to provide that even if a notary clause is defective, a recorded mortgage will provide constructive notice to interested parties, including the Trustee, by virtue of the recording alone.

July 12, 2006: The amendment to Kentucky Revised Statute § 382.270 became effective.

## IV. DISCUSSION

A.  The Acknowledgment Clauses Were Defective and the Mortgages
    Fail to Provide Constructive or Inquiry Notice.

Pursuant to law in effect at the time the Debtors filed their petition,[1] the Trustee is considered a bona fide purchaser of the Debtors' real property and may therefore avoid those liens upon the property that are voidable under state law. 11 U.S.C. § 544; *see also Rogan v. Bank One, Nat'l Ass'n (In re Cook)*, 457 F.3d 561, 566 (6th Cir. 2006). Kentucky law governs the question of whether Citifinancial's security interests are superior to the Trustee's interests in the Debtors' real property. *Id*. It does not matter whether the Trustee personally knew of the mortgage. "Rather, the inquiry focuses on whether a bona fide purchaser would have notice" under Kentucky law. *Thacker v. United Cos. Lending Corp.*, 256 B.R. 724, 728 (W.D. Ky. 2000).

At the time the Debtors executed the mortgages and through the time the bankruptcy court rendered its judgment on March 8, 2006, Kentucky Revised Statute § 382.270 provided:

> **382.270 Instruments not valid against purchasers or creditors unless recorded**
>
> No deed or deed of trust or mortgage conveying a legal or equitable title to real property shall be valid against a purchaser for a valuable consideration, without

---

[1] Because the Debtors filed their bankruptcy petition prior to October 17, 2005, the case is governed by the Bankruptcy Code without regard to the amendments made by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005. All statutory references are to the Bankruptcy Code, 11 U.S.C. §§ 101 to 1330 (2004), unless otherwise specifically noted.

notice thereof, or against creditors, until such deed or mortgage is acknowledged or proved according to law and lodged for record. As used in this section "creditors" includes all creditors irrespective of whether or not they have acquired a lien by legal or equitable proceedings or by voluntary conveyance.

Ky. Rev. Stat. § 382.270 (West 2005). Another statute that is relevant to this case, Kentucky Revised Statute § 423.130, provides:

> **423.130 Certificate of person taking acknowledgment**
>
> The person taking an acknowledgment shall certify that:
>
> (1) The person acknowledging appeared before him and acknowledged he executed the instrument; and
>
> (2) The person acknowledging was known to the person taking the acknowledgment or that the person taking the acknowledgment had satisfactory evidence that the person acknowledging was the person described in and who executed the instrument.

In *State Street Bank & Trust Co. of Boston, Mass. v. Heck's, Inc.*, 963 S.W.2d 626 (Ky. 1998), the court interpreted the phrase "without notice thereof" as used in Kentucky Revised Statute § 382.270 to mean "without actual knowledge of the existence of a mortgage, either unrecorded or improperly recorded, or knowledge of such facts as would lead a reasonably prudent person under like circumstances to inquire into the matter and discover the existence of that mortgage." *Id.* at 630.

> In *State Street Bank*, an improperly executed mortgage had been recorded. The court found that "the recordation of an unrecordable instrument does not constitute constructive notice." [*State Street Bank*, 963 S.W.2d at 630]. The court concluded that the inquiry did not end; other factors apart from the recording itself could provide notice. *In State Street, the mortgage at issue was referenced in another mortgage and the subordination agreement between the parties had been duly recorded. These factors wholly separate from the recorded document gave notice.*

*Thacker*, 256 B.R. at 729 (emphasis added). In *Thacker* the district court interpreted the Kentucky Supreme Court's decision in *State Street Bank* that an unrecordable instrument does not constitute constructive notice to also mean that the unrecordable instrument does not constitute inquiry notice because the distinction between the two would be illusory. *Id.* As the language emphasized above shows, however, the Kentucky Supreme Court has determined that "while the recordation of an unrecordable instrument does not provide constructive notice, factors other than recording can nevertheless overcome this defect to provide inquiry notice." *Id.*

The *Thacker* court also recognized the difficulty of analyzing these cases while keeping the trustee in his hypothetical position as a bona fide purchaser as required by the Bankruptcy Code. 11 U.S.C. § 544(a)(3). The district court in *Thacker* describes this conundrum well:

> This Court does not deny that one searching the record books would find . . . [a] properly executed mortgage as well as . . . the recordation of an unrecordable instrument. This, however, should not undo the negligence of those who executed the unrecordable mortgage. Were this Court to allow the recordation of an unrecordable instrument to provide constructive or inquiry notice, the effect would be to remove the technical requirements of mortgages and leave subsequent creditors liable for the mistakes of those before them. The better view is to place the burden of perfection on the parties involved.

*Thacker*, 256 B.R. at 730.

The case of *Baker v. CIT Group/Consumer Fin., Inc. (In re Hastings)*, 353 B.R. 513 (Bankr. E.D. Ky. 2006) (Howard J.) is a case that is substantially similar to the appeal before the Panel. In *Hastings*, Judge Howard[2] found that a mortgage was void where the names of the mortgagors were left off of the acknowledgment and that the words "acknowledged before me"[3] could not make an otherwise deficient notary clause satisfactory for recording purposes. The reasoning in Judge Howard's decision is clearly stated:

> [Creditor] takes the position that the words "acknowledged before me" in subsection (3) render the certificate of acknowledgment valid, even though the certificate does not identify the Debtors. Likewise, subsection (3) does not recite a requirement that the notary sign his or her name to the acknowledgment, but we do not believe the Legislature intended to validate acknowledgments which are not signed by the notary. This provision is not a stand-alone indicia of validity. It is intended to be taken in the context of all the regular requirements for a valid certificate of acknowledgment. Use of the words "acknowledged before me" is therefore insufficient in the absence of the elements set out in KRS 423.130 which sets out the requirements for a proper acknowledgment clause.

*Hastings*, 353 B.R. at 516-17.

---

[2] Judge Howard is also the bankruptcy judge who rendered the judgment in this appeal. We consider his subsequent opinion in *Hastings* solely for the additional reasoning set forth in *Hastings* that support his judgment in the appeal pending before us.

[3] The words "acknowledged before me" mean:
(1) That the person acknowledging appeared before the person taking the acknowledgment;
(2) That he acknowledged he executed the instrument;
(3) That, in the case of:
    (a) A natural person, he executed the instrument for the purposes therein stated;
. . .
(4) That the person taking the acknowledgment either knew or had satisfactory evidence that the person acknowledging was the person named in the instrument or certificate.

Ky. Rev. St. § 423.150 (West 2006).

The United States Court of Appeals for the Sixth Circuit has also addressed this issue. *See Rogan v. Am.'s Wholesale Lender d/b/a Countrywide Home Loans, Inc. (In re Vance)*, 99 F. App'x 25 (6th Cir. 2004). In *Vance*, the Sixth Circuit was dealing with the same Kentucky statutes that are relevant to this appeal. In *Vance*, the Sixth Circuit determined that the notary acknowledgment was defective and did not provide notice to the bankruptcy trustee where the acknowledgment did not provide (1) the identity and/or names of those who signed the mortgage, (2) the name of the county where the acknowledgment was taken and (3) the date of the acknowledgment. Circumstances in *Vance* are analogous to those in the appeal before this Panel.

*In re Vance* is an unpublished decision. However, the Sixth Circuit again dealt with the question of a bankruptcy trustee avoiding a mortgage in the published decision *Gregory v. Ocwen Fed. Bank (In re Biggs)*, 377 F.3d 515 (6th Cir. 2004). Once again, in *Biggs* the notary acknowledgment failed to provide the names of the individuals who signed the mortgage. Therefore, the mortgage was defective under Tennessee law and did not even meet a substantial compliance test available in Tennessee. The Sixth Circuit stated:

> [T]he authentication of a deed of trust is not a purposeless formality. The procedure serves to verify the identity of the individual signing the instrument and to establish a fraud-free system for recording the ownership of real property–a necessary prerequisite to any free market. In this instance, the integrity of the acknowledgment is placed in doubt because it omits the most important information on the acknowledgment form: who, if anyone, is doing the acknowledging? Failing to name the individuals who signed the deed of trust bears directly on the ability of a subsequent purchaser of real property to verify that the instrument was signed by the true property owners. Without it, a purchaser is left to wonder who appeared before the notary, if indeed anyone appeared before the notary, to acknowledge their signatures. In this sense, the missing names "lend [ ] uncertainty about the legal effectiveness of the instrument and for that reason alone the acknowledgment fails substantially to comply with Tennessee law."

*In re Biggs*, 377 F.3d at 519 (citations omitted).

We are constrained by the Sixth Circuit's decisions in *Biggs* and *Vance*. There is no question that the acknowledgments in both of Citifinancial's mortgages are defective. The form used clearly anticipates that the names of the mortgagors will be inserted where it states: "The foregoing instrument was acknowledged before me this __hw/ 3/20/00__ by _____." (Appendix at 13 & 30 (emphasis added).) The names of the mortgagors are not provided in the body of the acknowledgments, however. Citifinancial's arguments that the identity of the Debtors is shown directly above the notary clause does not cure the defect. Contrary to Citifinancial's argument, the Debtors' signatures on the first mortgage appear on a separate page from the notary clause, not directly above the clause. The bankruptcy court did not err in determining that the acknowledgment clauses are defective and therefore do not provide constructive or inquiry notice to the Trustee.

B.  The Assignments Were Defective and Do Not Cure the Defects in the Mortgages.

Citifinancial next argues that even if the mortgages did not give the Trustee notice, the assignments of the mortgages provided the Trustee with constructive or inquiry notice. The Trustee argued and the bankruptcy court agreed that the assignments were also defective because they did not comply with Kentucky Revised Statute § 382.290 and as such could not provide the Trustee with constructive or inquiry notice. Pertinent Kentucky law provides:

> **382.290 Recording of mortgages and deeds retaining liens; assignment; discharge; form of record; clerk's fee**
>
> . . .
>
> (5) If such assignment of a note is made by separate instrument or by deed assigning the note, or in a marginal entry record, the instrument of writing or deed or marginal entry record *shall set forth the date of notes assigned, a brief description of notes, the name and post office address of assignee, and the deed book and page of the instrument wherein the lien or mortgage is recorded* . . . .
>
> (6) No holder of a note secured by lien retained in either deed or mortgage shall lodge for record, and no clerk or deputy clerk shall receive and permit to be lodged for record, any deed or instrument of writing that does not comply with the provisions of this section.

Ky. Rev. Stat. § 382.290(5), (6) (West 2006) (emphasis added). The assignments provide:

> For Good and Valuable Consideration, . . . MG INVESTMENTS, INC., . . . as Holder of the Note and Lien by these presents does convey, grant, bargain, sell, assign, transfer and set over, . . . the described mortgage, together with the certain note(s) described therein with all interest, all liens, and any rights due or to become due thereon to: ASSOCIATES HOME EQUITY SERVICES, INC., 250 E. Carpenter Freeway, Irving, TX 75062.
>
> Said mortgage is recorded in the State of KY, County of Mercer on 3/22/00, at Book 0283 Page 390 Dated: 3/20/00 AMOUNT: $98,800.00
>
> Original Mortgagor: WILLIAM MITCHELL COCANOUGHER AND TINA M. COCANOUGHER, HUSBAND AND WIFE
>
> Original Mortgagee: MG INVESTMENTS, INC., AN INDIANA CORPORATION

(Appendix at 47 & 49.)

A straightforward reading of the statute requires four things: (1) the date of the notes assigned; (2) a brief description of the notes; (3) the name and address of the assignee; and (4) the deed book and page number of the recorded mortgage. In looking at the assignment, the name and address of the assignee and the deed book and page number of the recorded mortgage are clearly given. The date of the mortgage and amount of the mortgage are also clearly given but the date of the note and the amount of the note are not given. The date and amount of a mortgage are not necessarily the same as the date and amount of a related note. The assignments also do not contain

-8-

a description of the note other than to refer to the mortgage and the "note(s) described therein." Citifinancial cannot correct one defective document by referring to that defective document in another document that is also defective. In addition, the assignment is unclear as to whether one note or multiple notes exist. Counsel for Citifinancial failed to identify any authority interpreting what is a sufficient description of a note under Kentucky Revised Statute § 382.290. The statute specifically requires *both* the date of the note and the description of the note as separate items. Therefore, it is unquestionable that the "description" would necessarily include something more than just the date of the note.

*State Street Bank,* the Kentucky Supreme Court case that stated that other documents referring to an unrecordable mortgage could give constructive notice of that mortgage, is distinguishable from this appeal. In *State Street Bank,* the court determined that the subsequent mortgage and subordination agreement gave at least constructive notice to the mortgagee of that subsequent mortgage. The subsequent mortgagee was the party attempting to avoid the first mortgage due to the defective notary clause. There was no doubt that the subsequent mortgagee knew of the first mortgage because the first mortgage was referenced in the subsequent mortgagee's own second mortgage and in the subordination agreement.

The assignments were defective and not recordable. Therefore, they gave no constructive notice to the Trustee or anyone else. The Trustee is not charged with knowledge or inquiry notice as a matter of law.

The bankruptcy court did not err in determining that the assignments were defective and unrecordable and therefore did not provide constructive or inquiry notice to the Trustee.

    C.    <u>The Amendment to Kentucky Revised Statute § 382.270 Does Not Apply to this Case</u>.

Citifinancial's final argument is that the amendment to Kentucky Revised Statute § 382.270, passed after the bankruptcy court rendered its judgment, can be retroactively applied by this Panel to prevent Citifinancial's mortgages from being avoided. Citifinancial did not raise the issue of whether the statute could be applied retroactively in the bankruptcy court. Indeed, it could not do so because the statute was not even passed prior to the time the bankruptcy court rendered its decision. The Panel will not consider the issue for the first time on appeal.

## V. CONCLUSION

For the foregoing reasons, the decision of the bankruptcy court is AFFIRMED.